## Hahn v. Phillips

*W. H. Unger & Sons*, for plaintiff.
*Witmer & Rice*, for defendant.

MORGANROTH, P. J., February 23, 1937.—This is a rule for a more specific statement of claim. Plaintiff claims an amount to be determined by an account to be rendered as demanded in her statement. She avers in paragraph two that "plaintiff, then living at Wilkinsburg, Pa., for various reasons known unto her and defendant, was accustomed and did forward to defendant, Laura Phillips, at her home in Dalmatia, Pa., numerous sums of money to be held in trust for plaintiff until her return to Dalmatia, Pa."

The statement then avers that she is unable to state the exact amount due her by reason of defendant's failure to account and the destruction of her account during her absence in the hospital, and further avers that defendant converted the money held in trust without her consent and purchased real property and invested the money in sundry ways and with various persons for profit. Plaintiff further avers that at the time of the disclosure of said conversion defendant promised plaintiff to pay her interest on the sum of $2,000, which defendant has for the most part failed and neglected to do, except for payments of money, groceries, and produce, as set forth in plaintiff's statement, in the amount of $615.80, over a period of 11 years.

We are of opinion that the statement of claim is insufficient, inasmuch as plaintiff avers that she forwarded money to defendant to be held in trust but fails to set out the terms and conditions of the trust, the facts and circumstances under which the money was forwarded. This is especially essential in such a case as this where the amount sued for is indefinite and an account is demanded. It is to be noted that plaintiff avers that she forwarded the money now claimed to defendant "for various reasons known" to both of them. The reasons, the transactions, the contract, whether written or oral, should be set forth with precision.

The statement that moneys forwarded were to be held in trust is a conclusion. Defendant is entitled to be in-

formed of the particulars: Scranton Axle & Spring Co. v. Scranton Board of Trade, 29 Dist. R. 783.

And now, February 23, 1937, rule absolute, and plaintiff's statement of claim is stricken from the record, with leave to file an amended statement of claim, in conformity with this opinion, within 15 days after notice of the filing hereof.